Torrey **WESTROM,** Appellant,

Dennis **Westrom, et al.,** Appellants,

v.

**MINNESOTA DEPARTMENT OF LABOR AND INDUSTRY,** Respondent.

Nos. C9–03–128, C0–03–129.

Court of Appeals of Minnesota.

Aug. 11, 2003.

Robert A. Awsumb, R.A. Awsumb & Associates, PLC, St. Paul, MN, for appellant Torrey Westrom.

Stephen F. Rufer, Pemberton, Sorlie, Rufer & Kershner, PLLP, Fergus Falls, MN; and Edward F. Klinger, Gunhus, Grinnell, Klinger, Swenson & Guy, Ltd., Moorhead, MN, for appellants Dennis Westrom, et al.

Mike Hatch, Attorney General, Erica Jacobson, Richard L. Varco, Jr., Assistant Attorneys General, St. Paul, MN, for respondent.

Considered and decided by PETERSON, Presiding Judge, ANDERSON, Judge, and PARKER, Judge.*

## OPINION

PETERSON, Judge.

In these consolidated appeals from summary judgments, appellants argue that the district court erred when it ruled that documents that the Department of Labor and Industry released to the news media concerning appellants' alleged violations of the workers'-compensation law are public data under the Minnesota Government Data Practices Act (MGDPA), Minn.Stat. ch. 13 (2002). We reverse and remand.

## FACTS

On March 25 and September 24, 1998, the Department of Labor and Industry (department) issued an order and an amended order to comply and penalty assessments (orders) to Dennis, Torey, and Trevor Westrom and their companies.[1] The orders were based on a determination that appellants had violated the workers'-compensation law by not maintaining workers'-compensation insurance. The orders assessed monetary penalties for the violations and required appellants to obtain insurance. On April 22 and October 1, 1998, appellants filed objections to the orders. Appellants asserted that Dennis and Torrey Westrom did not direct or control activities of the employees and should be dismissed as individual respondents. They also asserted that one of the companies, WBC Construction, had no employees for whom workers'-compensation insurance was required.

In response to media requests during mid to late October 1998, the department released the orders and the objections filed by appellants to various news organizations, which then published information from the documents. The published information apparently drew heightened attention because, at the time, appellant Torrey Westrom was running for re-election as a

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

1. Appellants Roseanne Westrom and Tonya Westrom were not identified in the orders.

state representative in the general election to be held on November 3, 1998.

In two separate actions, appellants sued the department, alleging that the department violated the MGDPA when it released the orders and the objections. The department moved for summary judgment. The district court concluded that the data released by the department are public data and granted summary judgment in favor of the department and dismissed the underlying actions. This court consolidated the appeals from the summary judgments in both actions.

### ISSUE

Are the data in the documents that the department released to the news organizations public data under the MGDPA?

### ANALYSIS

The construction of the MGDPA, Minn. Stat. ch. 13 (2002), is a question of law subject to de novo review on appeal. *Wiegel v. City of St. Paul*, 639 N.W.2d 378, 381 (Minn.2002).

All state agencies are required to "make and preserve all records necessary to a full and accurate knowledge of their official activities." Minn.Stat. § 15.17, subd. 1 (2002). Access to such records is governed in relevant part by Minn.Stat. § 13.03 of the MGDPA. Minn.Stat. § 15.17, subd. 4 (2002).

■ Under the MGDPA, government data are presumed to be accessible to the public "unless there is federal law, a state statute, or a temporary classification of data that provides that certain data are not public." Minn.Stat. § 13.01, subd. 3 (2002). Through the MGDPA, the legislature intended to balance the privacy rights of the data subjects with the public's right "to know what the government is doing * * * within a context of effective government operation." *Montgomery Ward & Co., Inc. v. County of Hennepin*, 450 N.W.2d 299, 307 (Minn.1990) (quotation omitted).

The department issued the orders, and appellants filed their objections, pursuant to Minn.Stat. § 176.181, subd. 3(a) and (b) (2002), which provide:

(a) The commissioner [of labor and industry], having reason to believe that an employer is in violation of subdivision 2 [2] may issue an order directing the employer to comply with subdivision 2, to refrain from employing any person at any time without complying with subdivision 2, and to pay a penalty of up to $1,000 per employee per week during which the employer was not in compliance.

(b) An employer shall have ten working days to contest such an order by filing a written objection with the commissioner, stating in detail its reasons for objecting. If the commissioner does not receive an objection within ten working days, the commissioner's order shall constitute a final order not subject to further review, and violation of that order shall be enforceable by way of civil contempt proceedings in district court. If the commissioner does receive timely objection, the commissioner shall refer the matter to the office of administrative hearings for an expedited hearing before

**2.** Minn.Stat. § 176.181, subd. 2 (2002), requires employers who are liable under chapter 176 to pay workers'-compensation benefits to

insure payment of compensation with some insurance carrier authorized to insure

workers' compensation liability in this state, or obtain a written order from the commissioner of commerce exempting the employer from insuring liability for compensation and permitting self-insurance of the liability.

a compensation judge. The compensation judge shall issue a decision either affirming, reversing, or modifying the commissioner's order within ten days of the close of the hearing. If the compensation judge affirms the commissioner's order, the compensation judge may order the employer to pay an additional penalty if the employer continued to employ persons without complying with subdivision 2 while the proceedings were pending.

Minn.Stat. § 13.39, subd. 2(a) (2002), provides:

> [D]ata collected by state agencies * * * as part of an active investigation undertaken for the purpose of the commencement or defense of a pending civil legal action, or which are retained in anticipation of a pending civil legal action, are classified as protected nonpublic data pursuant to section 13.02, subdivision 13, in the case of data not on individuals and confidential pursuant to section 13.02, subdivision 3, in the case of data on individuals.

Appellants contend that data in the orders and objections released by the department are civil investigative data, and, therefore, under Minn.Stat. § 13.39, subd. 2(a), the data are confidential or protected nonpublic data. The department contends that the data in the orders and objections are not civil investigative data because (1) the department did not collect the data, and (2) the orders and objections were created following the completion of an investigation; they were not obtained as part of an active investigative process.

The department's argument that the data are not civil investigative data under Minn.Stat. § 13.39, subd. 2(a), because they were not collected as part of an active investigation is based on the premise that the statute classifies only data collected as part of an active investigation. But under the plain language of Minn.Stat. § 13.39, subd. 2(a), both data collected as part of an active investigation and data "which are retained in anticipation of a pending civil legal action" are classified as "protected nonpublic" or "confidential" data.

"A 'pending civil legal action' includes but is not limited to judicial, administrative or arbitration proceedings." Minn.Stat. § 13.39, subd. 1 (2002). Under Minn.Stat. § 176.181, subd. 3(a) and (b), the commissioner must retain an order for at least ten days to allow the employer to file an objection. Then, if the employer files a timely objection, the commissioner must "refer the matter to the office of administrative hearings for an expedited hearing before a compensation judge." If the employer does not file an objection, the order becomes final, "and violation of that order shall be enforceable by way of civil contempt proceedings in district court." Minn.Stat. § 176.181, subd. 3(b). Consequently, Minn.Stat. § 176.181, subd. 3(a) and (b), required the commissioner to retain the orders in anticipation of a civil contempt proceeding or an administrative proceeding and to retain the objections in anticipation of an administrative proceeding. Therefore, the orders and objections are civil investigative data under Minn. Stat. § 13.39, subd. 2(a).[3]

---

**3.** Under Minn.Stat. § 13.39, subd. 3 (2002), inactive civil investigative data are public, and

> [c]ivil investigative data become inactive upon the occurrence of any of the following events:

> (1) a decision by the state agency * * * or by the chief attorney acting for the state agency * * * not to pursue the civil action;

> (2) expiration of the time to file a complaint under the statute of limitations or agreement applicable to the civil action; or

Citing *Everest Dev., Ltd. v. City of Roseville*, 566 N.W.2d 341, 344 (Minn.App. 1997), the department argues that the data in the orders and objections cannot be classified as "confidential" or "protected nonpublic" civil investigative data because, under the statutory definitions of those data classifications, the data subject does not have access to the data, and under Minn.Stat. § 176.181, subd. 3(a) and (b), an employer who is the subject of an order or objection must have access to the data in the order and objection.

> "Confidential data on individuals" means data which is made not public by statute or federal law applicable to the data and *is inaccessible to the individual subject of that data.*

Minn.Stat. § 13.02, subd. 3 (emphasis added). Similarly,

> "protected nonpublic data" means data not on individuals which is made by statute or federal law applicable to the data (a) not public and (b) *not accessible to the subject of the data.*

*Id.*, subd. 13 (emphasis added). Under both classifications, the data are not accessible to the subject of the data.

In *Everest,* this court stated that settlement documents that had been distributed among the parties to a lawsuit could not be civil investigative data because the documents were accessible to the subjects of the data. *Everest,* 566 N.W.2d at 344. This court stated,

> The legislature could not have intended to make settlement documents protected nonpublic data because the documents, by their very nature, must be made available to the parties to the settlement.

*Id.* at 344–45. The department argues that the same reasoning should apply here

because the orders and objections, by their very nature, must be made available to the employers who are the subjects of the documents.

But *Everest* is distinguishable in one very important respect. In *Everest,* the documents were not given to the data subjects pursuant to a statutory directive. Here, although Minn.Stat. § 13.39, subd. 2(a), classified the orders and objections as confidential data or protected nonpublic data, Minn.Stat. § 176.181, subd. 3(a), required the Department of Labor and Industry to provide the orders to appellants, and Minn.Stat. § 176.181, subd. 3(b), allowed appellants to file the objections in response to the orders.

> When a general provision in a law is in conflict with a special provision in the same or another law, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions be irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted at a later session and it shall be the manifest intention of the legislature that such general provision shall prevail.

Minn.Stat. § 645.26, subd. 1 (2002).

■ Here, the general provision is Minn.Stat. § 13.39, subd. 2(a), which classifies the orders and objections as either confidential or protected nonpublic civil investigative data that are not accessible to appellants, and the special provision is Minn.Stat. § 176.181, subd. 3(a) and (b), which make the orders and objections accessible to appellants. Because these two provisions cannot be construed to give effect to both, and there is no indication that it is the manifest intention of the legisla-

---

(3) exhaustion of or expiration of rights of appeal by either party to the civil action.

The department does not claim that any of these events has occurred.

ture that the orders and objections should not be made accessible to appellants, the special provision shall prevail, and Minn. Stat. § 176.181, subd. 3(a) and (b), must be interpreted to be an exception to Minn. Stat. § 13.39, subd. 2(a).

Unlike the parties in *Everest*, appellants have access to the orders and objections pursuant to a special statutory provision that creates an exception from the general rule that civil investigative data are confidential or protected nonpublic data. But the exception created by Minn.Stat. § 176.181, subd. 3(a) and (b), only permits the employer who is the subject of an order or objection to have access to data that are otherwise confidential or protected nonpublic data. It does not change the classification of the data. Therefore, when the department released the orders and the objections to news organizations, it released confidential or protected nonpublic data.

## DECISION

Because the department retains data in an order or an objection created pursuant to Minn.Stat. § 176.181, subd. 3(a) or (b), in anticipation of a pending civil legal action, the data are civil investigative data under Minn.Stat. § 13.39, subd. 2(a). Therefore, data in the orders and objections released to news organizations are confidential or protected nonpublic data, and the decision of the district court granting summary judgment to the department is reversed, and the matter is remanded to the district court.

**Reversed and remanded.**